| THIBODEAUX, Judge.
After a jury rendered an award of $3,000.00 for plaintiffs lumbosacral sprain and upper dorsal cervical strain, the trial judge granted plaintiff, Cynthia Guillory, a new trial on the issue of damages and awarded the sum of $25,000.00 in general damages. Defendants-appellants, Stine, Inc., Matthew M. Todd, and their insurer, National Union Fire Insurance Company, appeal and assail the propriety of the trial court judgment.
|2We affirm.

FACTS

On August 6, 1990, Cynthia Clay Guillory was driving through Sulphur, Louisiana when her vehicle was rear-ended by a 1985 International 1600 truck owned by Stine, Inc., insured by National Union Fire Insurance Company, and driven by a Stine employee named Matthew M. Todd. As a result of the accident, Guillory suffered a lumbosacral sprain and an upper dorsal cervical strain. Both are long term injuries that have and will continue to cause Guillory frequent pain and suffering.
On August 1,1991, Guillory filed a petition for damages asserting negligence and strict liability claims against Matthew M. Todd, Stine Inc., and National Union Fire Insurance Company. Guillory sought to recover $2,387.69 in medical expenses, approximately $600.00 in lost wages, and an undisclosed amount for plaintiffs pain and suffering. After hearing the merits, the jury apportioned 100% of the fault to Matthew M. Todd and awarded plaintiff $3,000.00 in general damages. Pursuant to La.Code Civ.P. art 1972(1), Guillory timely filed a new trial motion and alternatively prayed, under La.Code Civ.P. art. 1814, that the trial court enter an additur on the issue of quantum. Guillory maintained that the jury’s verdict appeared contrary to the law and the evidence since the award embraced plaintiffs lost wages and medical expenses only with no consideration of plaintiffs pain and suffering. The trial court concurred and granted Guillory’s new trial motion on the quantum issue.
Upon retrial, both parties waived their rights to another jury trial and submitted the matter to the trial judge for decision. On February 3, 1995, the trial court awarded Guillory $28,041.25 in damages; $25,000.00 for plaintiffs pain and suffering, $2,502.69 in past medical expenses, and $538.56 in lost wages.
|3In this suspensive appeal, defendants-appellants entreat us to restore the jury’s $3,000.00 general damages award by revers *328 ing the trial court’s grant of plaintiffs new trial motion. Alternatively, appellants ask that we amend the trial court’s $25,000.00 general damages award to reflect a sum between $3,000.00 and $10,000.00. For the reasons which follow, we affirm the judgment of the trial court.

LAW & DISCUSSION

In pertinent part, La.Code Civ.P. art. 1972 provides:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence. (Emphasis ours).
In Kaplan v. Missouri Pacific Railroad Co., 409 So.2d 298 (La.App. 3 Cir.1981), this court expressly described the mandatory nature of Article 1972 when we professed that:
We know of no statutory or jurisprudential authority allowing a trial judge to deny a motion for a new trial, while in the same breath stating for the record that the jury verdict is contrary to the law and evidence. On the contrary, Article 1972 mandates that a new trial shall be granted “where the judgment appears clearly contrary to the law and the evidence ...” Article 1972 is mandatory and should be followed by the various trial courts ... If a trial judge feels, and so states for the record, that the jury verdict is contrary to the law and the evidence, then he must grant, upon proper motion, a new trial (under clear provisions of C.C.P. Article 1972), having no authority to transfer to, or “allow” a court of appeal to hear a case “in the interest of judicial economy.” (Emphasis added).
Kaplan, 409 So.2d at 302, fn. 1.
In rendering its decision, the lower court explained:
The Court after carefully reviewing the evidence finds that the jury award in this case reflected only the medical expenses of the Plaintiff and her lost wages. There was obvious pain and suffering that was occasioned due to this accident and such was clearly not considered by the jury. Instead of substituting the |4Court’s judgment for the jury’s judgment in this case, the Court finds that on the issue of damages only, the jury’s verdict was clearly contrary to the law and evidence. (Emphasis ours).
The foregoing excerpt evinces that the trial judge considered the jury’s verdict to be contrary to the law and evidence. Accordingly, the court granted plaintiff’s motion for a new trial. This action was not abusive. In fact, the trial judge was without discretion because, under such circumstances, Article 1972 compelled him to grant the new trial.
In response to appellants’ request that we reduce the trial court’s $25,000.00 general damages award, we observe that:
[T]he discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).
We cannot say that the trial judge abused his discretion in fixing plaintiff’s $25,-000.00 pain and suffering award. We cannot conclude, from the entirety of the record viewed in the light most favorable to Guillo-ry, that a rational trier of fact could not have fixed the compensatory award at the level set by the trial judge. Likewise, we cannot conclude that the matter at bar is an “exceptional case in which the award is so gross as to be contrary to right reason.” Youn at 1261.

CONCLUSION

The trial court’s grant of plaintiffs new trial motion and its general damages award is affirmed. All costs associated with this appeal are assessed against appellants, Na *329 tional Union Fire Insurance Company, Stine, Inc., and Matthew M. Todd.
AFFIRMED.